HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTA D. LYALL,

Plaintiff,

v.

MITCHELL SAMBERG, *et al.*,

Defendants.

Case No. 2:25-cv-01762-RAJ

ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on litigant Marta D. Lyall's Notice of Removal as to King County Superior Court Case Nos. 23-2-23943-1 & 24-2-02128-1 (the "Notice of Removal," Dkt. # 4), Truman Capital Holdings LLC's ("Truman") Motion to Remand (the "Remand Motion," Dkt. # 9), Truman's Motion for Order Declaring Vexatious Litigant Status for Marta Lyall and for Injunctive Relief (the "Vexatious Litigant Motion," Dkt. # 11).

This is fourth time Lyall has attempted remove the same two King County Superior Court cases to the United States District Court for the Western District of Washington: (i) Case No. 23-2-23943-1 (hereinafter referred to as the "Title Fraud Action"); and (ii) Case No. 24-2-02128-1 (hereinafter referred to as the "Unlawful Detainer Action"). *See Truman Cap. Holdings LLC v. Lyall*, No. 2:24-cv-01425-JNW (W.D. Wash. Sept. 9, 2024)

ORDER – 1

("*Truman Capital I*"); *Truman Cap. Holdings LLC v. Lyall*, No. 2:25-cv-00357-JNW (W.D. Wash. Feb. 25, 2024) ("*Truman Capital II*"); *Samberg v. Lyall*, No. 2:25-cv-00841-KKE (W.D. Wash. May 6, 2025) ("*Truman Capital III*"). All three of Lyall's previous attempts resulted in the reviewing court finding that it lacked subject-matter jurisdiction over the cases and remanding the actions to King County Superior Court. *Truman Capital I*, Dkt. # 9; *Truman Capital II*, Dkt. # 17; *Truman Capital III*, Dkt. # 5. The reviewing court in *Truman Capital III* warned Lyall that future "frivolous motions" may result in the imposition of sanctions. Additionally, the Vexatious Litigant Motion indicates that Lyall has filed numerous unsuccessful actions in this and other federal districts, most of which are related in some capacity to the Title Fraud Action and the Unlawful Detainer Action. Dkt. # 11 at 5–14. Lyall has also filed seven bankruptcy filings, six of which were dismissed for reasons including failure to make plan payments, failure to meet minimum filing requirements, and for abuse (the latter requiring imposition of a 180-day bar on filing). *Id.* at 14–16.

Before a court enters a vexatious litigant order, the litigant must be given notice and a chance to be heard. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The Court therefore **ORDERS** Lyall to **SHOW CAUSE** why a vexatious litigant bar order should not be issued in this District. Specifically, the vexatious litigant bar order would impose the following restrictions:

1. Any future *pro se* complaints, notices of removal, or other filings attempting to initiate an action by Lyall in this District will be filed under a miscellaneous case number specifically designated for this purpose. The Court will screen each proposed filing to determine whether it shall be filed.

2. The Clerk will be directed not to issue summons in any *pro se* action initiated by Lyall without prior approval of the Court.

3. The Court may dismiss any future *pro se* complaint or notice of removal filed by Lyall, without issuing an order to show cause or permitting Lyall to amend her

ORDER – 2

filing, if the Court finds that the filing suffers from the same defects identified in this Order or is otherwise without merit.

4. This pre-filing screening will not apply to any filing made in this District in which Lyall is represented by counsel. Any such complaint or notice, accompanied by a filing fee, may immediately receive a civil number. The Court will nevertheless *sua sponte* dismiss any such filing upon a finding that it is facially frivolous.

Lyall's response is due no later than **July 31, 2026** and may not exceed five (5) pages. Failure to file this response will result in the issuance of the above-outlined vexatious litigant bar order.

The Court **DIRECTS** the Clerk to re-note the Remand Motion, Dkt. # 9, for July 31, 2026.

Dated this __10th__ day of July, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3